*W. H. Chelf*, for appellants.

*P. W. Hardin, John Haycraft*, for appellee.

---

BARDSTOWN & LOUISVILLE TPK. CO. *v.* COMMONWEALTH ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—623.]

**Statute of Limitations.**

Where the state is a partner in an enterprise with other stockholders to erect and maintain a bridge, and there is a promise that the stock should be repaid before any dividends should be paid on the original stock, the other stockholders will not be allowed to hold the money by pleading, through the corporation, the statute of limitations.

APPEAL FROM NELSON CIRCUIT COURT.

February 25, 1882.

OPINION BY JUDGE PRYOR:

The state of Kentucky was a stockholder in the Turnpike company and directly interested in having the bridges that had been destroyed rebuilt. For this purpose the state agreed (Acts 1865-6, Ch. 53, § 1) to appropriate the sum of $5,000, provided a like amount was raised by the private stockholders. This was

done and the money paid by the state. The appropriation by the state and that raised by the stockholders was but adding to the principal of the common fund by increasing the stock of each, with the proviso that this stock should be repaid before any dividends were issued or paid on the original stock; and whether so or not, the state was a quasi partner in the common enterprise, and the other stockholders will not be allowed to hold the money by pleading through the corporation the statute of limitations. It was a common fund, and the corporation will not be allowed to say to the stockholder, "You have delayed too long in asserting your rights."

The second section of the act making the appropriation by the state provides the manner in which the money is to be repaid to the state and the other stockholders; and the repeal of the third section (1 Acts 1869, Ch. 1474) leaves the act complete, with the full power on the part of the state to demand and receive the money. There is no evidence of any donation or release of the principal sum or the dividends, by the state to the other stockholders; but on the contrary the legislative intent to be gathered from the repeal of the third section is that the second section should remain in force and the rights of the state be preserved by it. We can well see why the third section should have been repealed, but it is needless to speculate upon the purpose in view, as this repeal in no manner affects the rights of the state.

Judgment *affirmed*.

*Wm. Johnson,* for appellant.

*P. W. Hardin,* for appellees.